DAVID R. FAY, Admr. v. J. V. R. KENT.

*Pleading. Declaration. Survival of Actions where Death of Intestate is Caused by Negligence of Defendant.*

The declaration alleged that the defendant negligently dug an unsafe and dangerous hole into a bank for sand, "within the limits of the highway," about fifteen rods from a school house, while a school, composed mostly of young children, was in session; that some of the children were in the habit of passing over the highway, and were liable to go into the hole without knowledge that the same was unsafe; that the deceased, being one of the school children and under nine years of age, "while passing on and over said public highway and bank, did enter into said hole and excavation, as he had a lawful right to do" and that the sand and earth covering the same fell in and killed him; that his death was caused solely by the defendant's negligence; and that the plaintiff, as administrator under the statute, sues for next of kin. *Held*, bad on demurrer; that there was no averment that the defendant's act prejudicially affected any legal right of the deceased, as that the highway was rendered unsafe, &c.

ACTION under the statute, G. S. c. 52, ss. 15, 16, 17, (R. L. ss. 2138, 2139). Heard on demurrer to the defendant's pleas, March Term, 1881, REDFIELD, J., presiding. Demurrer overruled. Copy of the amended declaration:

"Also in a further plea of the case brought on sections 15, 16 and 17 of chapter 52 of the General Statutes of this State, for that the defendant heretofore, to wit, on the 29th day of July, A. D. 1879, at Calais, in the County of Washington, excavated for sand by digging into the bank and leaving, without right, a certain other hole and excavation in said bank, unsafe and dangerous as hereinafter set forth, within the limits of the public highway, at a point about fifteen rods from the school house . . . ; that a school was then, and for a long time before had been, in

session in said school house composed mostly of young children, and that some of said children for a long time before had been, and then were, in the habit of passing on and over said public highway, and on and over said bank as they had a lawful right to do . . . ; that the sand and earth covering such last mentioned hole and excavation, as the same was then and there left by the defendant as aforesaid, was liable to fall into such hole and excavation, and thereby to injure and kill any person in the same ; and that such children from such school in passing on and over such public highway and such bank as aforesaid, were liable to enter into such last mentioned hole and excavation without any knowledge that the same was unsafe and dangerous as hereinafter set forth ; that the defendant was careless and negligent in leaving such last mentioned hole and excavation as aforesaid ; and that such last mentioned hole and excavation as left as aforesaid by the defendant was unsafe and · dangerous for any person entering therein, by reason of the liability of the covering of said last mentioned hole and excavation to fall in as aforesaid, and so continued until the death of said Henry K. Gray as hereinafter set forth ; that afterwards on the same day said Henry K., then under the age of nine years, and the son of Otis Gray of said Calais, and one of said children then attending said school, while passing on and over said public highway and bank did enter into said last mentioned hole and excavation, as he had a lawful right to do, he, the said Henry K., having no knowledge that the same was unsafe and dangerous as aforesaid ; and the sand and earth covering the same as aforesaid, did then and there fall in and upon said Henry K., then and there killing the said Henry K. And the plaintiff, as such administrator, avers that the death of said Henry K. Gray was solely caused by the falling upon him of said sand and earth, as aforesaid, through the negligence and carelessness of the defendant as aforesaid ; and so the plaintiff, as such administrator, avers that the death of said Henry K. Gray was then and there solely caused by the negligence and carelessness of the defendant as aforesaid. And the plaintiff, as such administrator, avers that said Otis Gray is the father and next kin to said Henry K. Gray, and that he, the said Otis, was damaged by the death of said Henry K.," &c.

Defendant's plea, in part :

Yet the defendant says, protesting, that said excavation was made within the surveyed limits of said highway, that said excavation was made on the land of one C. M. Gray, of said Calais, in a high sand bank on said Gray's land, and more than ten feet higher than the travelled part of said highway, and more than twenty-five feet from the travelled track in said road where people passed and repassed in passing over said highway, and in no manner interfering with the travel on said highway, or making the same dangerous to persons travelling on said highway ; that part of said sand in said sand bank was suitable for the purpose of plastering buildings, and some of it was not suitable for such purpose; that the sand suitable for plastering was in veins surrounded by sand of inferior quality ; and that the owner of said land had, for more than fifteen years prior to July 29, 1879, at Calais aforesaid, and yearly and every year granted licenses to people living in Calais aforesaid, to enter into his land and excavate for sand for plastering purposes ; and that for that purpose various residents of said town of Calais, by virtue of said license, had entered into said sand bank on the land now owned by said C. M. Gray and taken and removed sand from said sand bank, and in so doing

have followed the veins of sand suitable for plastering, and left holes or excavations in said bank, and that said holes or exacvations in no manner interfered with said highway. . . . . He applied to the said C. M. Gray for license to enter on his land in the sand bank aforesaid, and take and carry sand from the same, suitable for plastering purposes, and the said C. M. Gray then and there granted license to this defendant to enter said sand bank on the land of said C. M. Gray aforesaid, and take and carry away sand for plastering purposes. And this defendant says that by virtue of the license aforesaid, and not otherwise, he entered into said bank on the land of said C. M. Gray, at the time and place mentioned in the plaintiff's declaration, and did take and carry away about fifteen bushels of sand from said sand bank, as he lawfully might, and that in making said excavation as aforesaid, he followed one of the veins of sand suitable for plastering purposes, and in so doing did excavate a small distance into said bank, leaving a small hole in said bank covered by sand and earth not suitable for plastering purposes, which said hole or excavation, so made as aforesaid, was more than twenty-five feet from the travelled part of the highway, and more than ten feet above the same. And this defendant says that said excavation in no way or manner interfered with said highway or rendered the same dangerous to travellers passing and repassing on said highway, or in any manner impeded travel on said highway.

*Heath & Carleton,* for the plaintiff.

This is an action on the case brought on the statute. G. S. c. 52, ss. 15, 16, 17 ; *Needham* v. *G. T. R: R. Co.,* 38 Vt. 294. The pleas are insufficient. The facts are not such as plaintiff is bound to traverse,—not issuable facts. *Aldrich* v. *Williams,* 12 Vt. 413 ; *Kidder* v. *Jennison,* 21 Vt. 108 ; *Jerome* v. *Smith,* 48 Vt. 230 ; 1 Chit. Pl. 616. The pleader should have denied, not by way of argument, that the excavation was in the highway. If the pleas amount to a bar they amount to the general issue. 3 M. & W. 244 ; Gould Pl. 352 ; *Burton* v. *Bostwick,* Brayt. 195. The declaration is sufficient. *Pierce* v. *Whitcomb,* 48 Vt. 127 ; *Jordin* v. *Crump,* 8 M & W. 782 ; *Barnes* v. *Wood,* 67 E. C. L. 393 ; 71 E. C. L. 326 ; 93 E. C. L. 556 ; 29 Conn. 548.

*J. A. & G. W. Wing,* for the defendant.

No cause of action is set forth. It is not alleged that the excavation was not on the defendant's own land ; and if it was, he had a right to take the sand as he did. There is no statement showing any duty on the defendant to guard the hole as against the deceased, or, that he entered it by invitation of the defendant, or, that he had any business with the defendant, or, that the highway was

thereby rendered dangerous to travellers. It is not the case of opening a road to one's store or mill and thereby inviting the public to enter.

The first requisite in establishing negligence in defendant is to show the existence of the duty, which it is supposed has not been performed. Cooley Torts, 659. The defendant owed no duty to the deceased. One is not liable if he does not cover a pit on his farm to protect trespassers. Cooley Torts, 660 ; 29 Ohio, 364 ; 48 Vt. 127 ; 50 Barb. 358 ; 44 Pa. St. 378 ; 44 Ga. 251.

The opinion of the court was delivered by

ROYCE, Ch. J. The demurrer puts in issue the sufficiency of the declaration. If that is bad in substance, there is no occasion to examine the special causes of demurrer assigned to the pleas. The only substantial difference between the first count in this declaration and the one that has been adjudged bad, is in the addition of the averment that the deceased, while passing along and over said public highway without any knowledge that the same was unsafe and dangerous, did enter into said hole and excavation, he then having a lawful right so to do.

The hole and excavation referred to in that averment is previously described in the declaration as having been made by the defendant without right, by digging for sand in the bank within the limits of the highway. The negligence that is alleged is, in leaving said hole or excavation in such a condition that it was unsafe and dangerous for any person entering therein, by reason of the liability of the covering to said hole or excavation to fall in. It is alleged that the deceased did enter into said hole and excavation, he then having a lawful right so to do, and the sand and earth covering the same fell in upon him and killed him.

In an action of tort it is essential that the act complained of should be legally wrongful as regards the party complaining ; it must prejudicially affect him in some legal right. The legal right of the deceased to the use of the highway as a traveller, was, that it should be reasonably safe for that use ; and he had no right to complain of any act done within the limits of the highway that did not impair or interfere with that right. It will be observed that

it is not alleged that the hole or excavation made by the defendant was within the travelled track, or so near to it that it rendered the highway unsafe ; or, that the deceased was forced into the hole or excavation from some necessity ; but from what is alleged it would appear that he entered it voluntarily.   There is no allegation that the defendant by his conduct had invited the deceased to enter into the hole or excavation, or given him to understand that he was at liberty to do so.   There is no allegation that the defendant owed any duty to the deceased to protect him against such accidents as might happen to him by reason of the hole or excavation being left in an unsafe and dangerous condition.   The fact that the hole or excavation was within the limits of the highway does not vary the liability, unless by reason of its being within such limits it is shown to have operated to the injury of the legal rights of the deceased.   If the hole or excavation had been made outside of the limits of the highway, it would hardly be claimed that upon such facts as are alleged in this declaration, a recovery could be had.   It does not follow that because the deceased had the lawful right to enter into the hole or excavation, that the defendant was bound to protect him from injury while in it.  .The duty of the defendant was to protect the deceased from injury as far as the law required.   The standard of duty to be observed by him did not embrace protection from such injury as is alleged in this declaration.   There is nothing of substance in the second count to distinguish it from the first, that in any way affects the question of the sufficiency of the declaration.

The declaration is fatally defective and the judgment is affirmed.