## JAMES KENNEDY v. D. L. MORGAN.

### Negligence.   Pleading.   Declaration.

In an action to recover for injuries received by the plaintiff's son, claimed to have been caused by the defendant's negligence, while lawfully engaged in tearing down and removing the brick walls of a school-house, in that the walls fell through a want of sufficient bracing, the declaration is bad on demurrer, unless such *facts* are alleged, that the court can see the relation of the parties and the duty which the defendant owed to the boy. A mere allegation of duty is insufficient; but an allegation of the *facts* from which the duty springs, is necessary.

CASE for negligence.   Heard on demurrer to the declaration, March Term, 1884, VEAZEY, J., presiding.   Demurrer sustained.

The declaration alleged, in substance:

That the defendant, on the 21st day of April, 1883, was engaged in tearing down and removing a certain school building situate in Rutland, upon an open, public park, which building was constructed of high brick walls; that Miles Kennedy is the minor son of the plaintiff, whom the plaintiff is bound in law to support; that the said Miles was,

at the time aforesaid, quietly, properly and prudently sitting upon timbers at and near the walls of the building aforesaid and upon said open, public park, while the said work was so progressing; and the plaintiff further avers, that it was the bounden duty of the defendant to see that his servants and agents, who had charge of the said building and the labor aforesaid, in and about the said labor, did tear down and remove the same in a careful and prudent manner, and to keep the large brick walls of said building, which were then and there standing, properly supported by props, braces, and other protection, until the same was properly removed, so that the same might not fall upon and injure the said Miles and other persons quietly and lawfully upon the premises aforesaid. Yet the said defendant, well knowing that the said brick walls of the said building of great height, to wit; to the height of fifteen feet, were in an unsafe and dangerous condition, left and permitted the said walls to be and remain in an unsafe and dangerous condition, and without props or protection, and so carelessly, negligently, and unskillfully managed the tearing down and removing said building, and carelessly and negligently and unskillfully, by his servants and agents, took away the studding, boarding, and timbers, and left said brick wall so unprotected by braces or props that, by reason thereof, the said wall to said brick building fell with great force and violence on and upon the said Miles, who was then and there sitting near said wall and in said open, public park aforesaid, and him, the said Miles, did crush and bury beneath the said brick wall and debris. * * * * And the plaintiff expended a large amount of money in curing the said Miles, etc.

The first count alleged, with other facts, that said Miles " was then and there at and near the house and building aforesaid, and upon said common and public-school ground, sitting on some timber, observing the workmen."

*Redington & Butler*, for the plaintiff.

The demurrer not only admits the facts alleged, but their legitimate results. *Hyde* v. *Moffat*, 16 Vt. 271. The declaration is good in form and substance. Everything necessary is alleged;—the matter or thing effected; the plaintiff's right

thereto; the injury and damage. 1 Chit. Pl. 376, 384. The only question of importance is, whether the defendant under the facts owed a duty to the plaintiff. Add. Tor. ss. 544, 1338; *Hyde* v. *Jamaica,* 27 Vt. 460; *Cole* v. *Fisher,* 11 Mass. 137.

*Baker & Howe,* for the defendant.

When the declaration is for a breach of duty, the facts creating the duty should be set forth on the face of the declaration. It is not enough to state that it was the duty of the defendant to do the act which he is stated to have neglected to do. The authorities are full, that the allegation of duty in a declaration is in all cases immaterial, and ought never to be introduced, for if the particular facts set forth, raise the duty, the allegation is unnecessary, and if they do not it will be unavailing. If the particular facts stated in the declaration do not raise the duty it cannot be established by other facts not stated. Negligence is not a cause of action, unless it expresses or establishes some breach of duty. 2 Add. Tor. 1147; *Hounsell* v. *Smith,* 99 E. C. L. 731; *Nicholson* v. *R. R. Co.* 41 N. Y. 525; *Sweeney* v. *R. R. Co.* 10 Allen, 368.

The opinion of the court was delivered by

POWERS, J. Negligence is a shortage of legal duty.

All facts essential to the creation of the duty must be alleged in a declaration charging negligence upon such facts. If the facts stated in the declaration do not raise the duty, the duty cannot be established by proof of other facts not stated. *Allegation* as well as proof is the foundation of a right of recovery. If the pleader merely alleges the *duty* in his declaration, he states a conclusion of law ; whereas the elementary rule is, that the *facts* from which the duty springs must be spread upon the record so that the court can see that the duty is made out.

No intendments are made in favor of a declaration challenged by a demurrer.

The defendant was engaged in a lawful work. No relation, obligation, or duty, to the plaintiff's son, is alleged; nor does it appear that he had any knowledge of the son's presence in the vicinity of his work.

Nothing actionable then is disclosed in the declaration. 2 Addison Torts, 1147; Gould Pl. c. 3, s. 7; *Fay* v. *Kent,* 55 Vt. 557.

There was no error in the judgment below; but the same is *pro forma* reversed and repleader awarded.