210    326
 29 SC  238
 29 SC  508
 30 SC  612

210    326
d218    449
j218    456
j218    457
j218    463

# Duffy *v.* Sable Iron Works, Appellant.

*Negligence—Infants—Fall into hole on defendant's lot—Case for jury.*

In an action to recover damages for the death of a boy between five and six years of age, caused by a fall into a vat of hot grease, constructed on defendant's premises, the case is for the jury where the evidence shows that the vat was located about eleven feet distant from the line of a street,

was eleven feet in length, nearly eight feet in width, twelve inches in depth, and with a top only a few inches above the surface of the ground.

Hydraulic Works Co. v. Orr, 83 Pa. 332, discussed and explained in opinion of the court, and criticised in the dissenting opinion.

*Negligence—Infants—Contributory negligence of parents.*

In an action to recover damages for the death of an infant of tender years killed by a fall into a vat on defendant's premises, the mother cannot be charged with negligence where it appears that she never allowed her children on the street, that at the time of the accident she permitted them to go into a yard around which was a fence, and that she cautioned them not to go through a gate in the fence, and that the child went through the gate without her knowledge.

MITCHELL, C. J., and FELL, J., dissent.

Argued Oct. 27, 1904. Appeal, No. 134, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 633, on verdict for plaintiff in case of James Duffy and Catherine Duffy his wife v. Sable Iron Works, Zug & Co., Limited. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass for death of plaintiff's son. Before BROWN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William A. Challener*, with him *Clarence Burleigh*, and *James C. Gray*, for appellant.—The law is well settled that a child of tender years may be a trespasser and subject to the rules of law relating to trespassers: Gillespie v. McGowan, 100 Pa. 144; Phila., etc., R. R. Co. v. Hummell, 44 Pa. 375; Hestonville Pass. Ry. Co. v. Connell, 88 Pa. 520; Balt. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Oil City, etc., Bridge Co. v. Jackson, 114 Pa. 321; McMullen v. Penna. R. R. Co., 132 Pa. 107; Feehan v. Dobson, 10 Pa. Superior Ct. 6; Rodgers v. Lees, 140 Pa. 475.

Where the owner of land, in the exercise of lawful dominion over it, makers an excavation thereon which is such a distance from the public highway that the person falling into it would

be a trespasser upon the land before reaching it, the owner is not liable for an injury thus sustained : Gramlich v. Wurst, 86 Pa. 74.

That was the case of injury to an adult. The rule is the same as regards children : B. & O. R. R. Co. v. Schwindling, 101 Pa. 258 ; Hargreaves v. Deacon, 25 Mich. 1 ; Rodgers v. Lees, 140 Pa. 475.

*Joseph Howley*, with him *W. A. Hudson*, for appellee.—There was no evidence of contributory negligence or want of care on the part of the parents which justified the taking of the case from the jury. It is apparent from the testimony that they exercised more care than the ordinary parents in their condition in life bestow upon their children : Del Rossi v. Cooney, 208 Pa. 233.

The vat constituted a dangerous trap for the maintenance of which the defendants would have been liable even if it had been entirely on their own premises, though the child had therefore been technically a trespasser : Schilling v. Abernethy, 112 Pa. 437.

Whether the owner of these premises, under the circumstances made apparent by the evidence, was or was not justified in maintaining such a construction so near the streets, was a question. for the jury, and one that could not lawfully have been withdrawn from the consideration of that body : Rachmel v. Clark, 205 Pa. 314 ; Tomle v. Hampton, 129 Ill. 379 (21 N. E. Repr. 800) ; Crogan v. Schiele, 53 Conn. 186 (1 Atl. Repr. 899) ; Holmes v. Drew, 151 Mass. 578 (25 N. E. Repr. 22) ; Beck v. Carter, 68 N. Y. 283 ; Hydraulic Works Co. v. Orr, 83 Pa. 332 ; Corbin v. Philadelphia, 195 Pa. 461 ; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166 ; Gramlich v. Wurst, 86 Pa. 74 ; Schmidt v. Cook, 12 Misc. Rep. 449 (33 N. Y. Supp. 624) ; Dunn v. Ballantyne, 5 App. Div. 483 (38 N. Y. Supp. 1102) ; Kopplekon v. Colo. Cement-Pipe Co., 64 Pac. Repr. 1047 ; Birge v. Gardner, 19 Conn. 507 ; Bransom v. Labrot, 81 Ky. 638 ; Harrold v. Watney L. R. (1898), 2 Q. B. 320.

The infant plaintiff cannot be charged with contributory negligence : Schilling v. Abernethy, 112 Pa. 437 ; Crissey v. H. M. & F. Pass. Ry. Co., 75 Pa. 83 ; Phila. City Pass. Ry.

Co. v. Hassard, 75 Pa. 367; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524; Strawbridge v. Bradford, 128 Pa. 200; Sandford v. H. M. & F. Pass. Ry. Co., 136 Pa. 84; Kehler v. Schwenk, 144 Pa. 348; Greenway v. Conroy, 160 Pa. 185; Nelson v. Hillside Coal & Iron Co., 168 Pa. 256; Holtzinger v. Penna. R. R. Co., 6 Pa. Dist. Rep. 430.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904:

The accident which occasioned the present action for damages for the death of appellees' son, some five or six years of age, was caused by the child falling into a vat constructed by the appellant in proximity to Thirteenth street in the city of Pittsburg and used by it in connection with its iron mill. It was located about eleven feet distant from the line of the street in question and was eleven feet in length and nearly eight feet in width and was sunk into the ground about twelve inches. The kettle annexed to it was used to melt tar and grease which ran into it and when cold this material was cut into pieces and used in the mill of appellant. Its top was a few inches above the surface of the ground surrounding it and was not protected. The kettle was near the line of the street and the vat beyond it making its distance from the street as above stated.

Appellant's negligence it was contended by appellees arose from placing a dangerous and unprotected vat in such close proximity to the street, that their son fell into it and met with the accident which resulted in his death. The determination of such negligence depends upon the resolution of the questions whether the vat as constructed, filled with boiling materials and unprotected, with but three or four inches above the level of the surface of the ground surrounding it and located in close proximity to the street made it dangerous, and whether the space between it and the street was such that a child would be likely to stroll there and become exposed to peril. These questions were for the jury and were properly left to it by the learned trial judge, and the jury by its verdict resolved them against the appellant.

The measure of duty under such circumstances is clearly defined in Rachmel v. Clark, 205 Pa. 314, by Mr. Justice MESTREZAT:

"If it be conceded, however, that the ground between the factory and the building line was not paved yet it was open and practically a part of the foot walk of the street. The defendants, therefore, having regard to these circumstances, owed a duty to the public to exercise reasonable care to keep it safe so that those using the adjacent highway would not be exposed to danger. As said by Chief Justice AGNEW in Hydraulic Works Company v. Orr, 83 Pa. 332: 'Duties arise out of circumstances. Hence, where the owner has reason to apprehend danger, owing to the peculiar situation of his property and its openness to accident, the rule will vary. The question then becomes one for a jury, to be determined upon all its facts of the probability of danger and the grossness of the act of imputed negligence.' The owners of the premises are required in such cases to anticipate that children as well as adults may use the highway and thereby be exposed to any unsafe objects placed upon the premises."

The appellant's principal contention was that the child was a trespasser and that appellees therefore were not entitled to recover. A similar question was involved in Hydraulic Works Company v. Orr, 83 Pa. 332, and in the opinion there, Mr. Chief Justice AGNEW, said : "The gate and passage way opened out upon a public and much frequented street, where persons were passing and children playing. Unlike an ordinary private alley, this passage was often open, and therefore liable to the incursions of children and even grown persons, from thoughtlessness, accident or curiosity. Now the inclined way which did the injury was a dangerous trap. It was a heavy platform weighing 800 or 900 pounds, attached by hinges within eighteen or twenty inches of the wall, and when lowered it fell across the cartway. When not lowered it stood upright against the wall, leaning so little beyond the center of gravity that a jar or a slight pull would cause it to fall forward. It fell in this instance, caught four children beneath it, one had his neck broken, another his hands mashed and two escaped under the cavity. It was held up by no hook or other fastening, but merely rested by its own slight weight beyond the equipoise, ready therefore to catch children, like mice, beneath a dead fall. When wagons passed it was often held up by hand, and a witness saw it fall against the wheels.

Now can it be righteously said that the owner of such a dangerous trap, held by no fastening, so liable to drop, so near a public thoroughfare, so often open and exposed to the entries of persons on business, by accident or from curiosity, owes no duty to those who will be probably there?"

It is difficult to understand why this case has become like a shuttlecock in battledore to be pitched up and down. The boy in that case was six years old and while playing in the street strolled into the alley, when the gates were open, and while there the platform fell upon him. The facts were submitted to the jury and the verdict was in favor of the plaintiff below.

Mr. Justice GORDON, in discussing that case in Schilling v. Abernethy, 112 Pa. 437, said :

" We there held, that circumstances may beget duties which under ordinary circumstances cannot be implied, and that when such circumstances are shown to exist, the questions arising there are not for the court but for the jury. In that case the child entered the defendant's premises without even an implied permission, and through a gate which had been but casually left open, nevertheless we said that, as the company maintained so dangerous a trap in a place near to a highway where children were wont to congregate for their own amusement the jury must determine, in view of all the circumstances, whether it was bound to provide against a contingency such as that which happened."

A dictum occurs in Gillespie v. McGowan, 100 Pa. 144, that Hydraulic Works Company v. Orr, 83 Pa. 332, was in direct conflict with Gramlich v. Wurst, 86 Pa. 74, but an examination of that case will show that the deductions leading to such dictum are not warranted and that the case rested upon well-defined and settled principles, for Mr. Justice WOODWARD there says :

" Reliance has been placed upon the case of Hydraulic Works Co. v. Orr, 83 Pa. 332, to support this judgment. The distinction between that case and this is marked and obvious. There the accident happened in a private passage or cartway adjoining a factory, where several kinds of business were carried on in different stories, and was caused by a heavy platform employed as an inclined plane to move heavy articles

into and out of the building.  When used it was lowered so as to cover the pavement of the cartway.  When not in use it was raised on hinges that connected one side of it within eighteen inches of the wall, was not fastened at the upper side and was so nearly at equipoise that slight force was required to draw it down.  The cartway opened from a public street, where people were constantly passing and children were often at play.  There was a gate at the street end, and this was frequently left open.  It was so left at the time of the accident, when four children intruded into the cartway, and their thoughtless tampering with the platform resulted in drawing it down upon themselves, and in producing injury to the child of the plaintiff's from which he died.  This court affirmed a verdict and judgment for damages in common pleas.  No cause was ever more justly decided."  Again it is said : " The children were trespassers; certainly, but they were children and the defendants were bound to have regard to the reckless and thoughtless tastes and traits of childhood."

In view of the facts in this case, under the authorities, the learned trial judge was not guilty of error in refusing to give binding instructions for the defendant below, the appellant, upon the ground that appellee's son was a trespasser.

Appellant's subordinate contention was that appellees were guilty of negligence in allowing the child to be on the street unprotected.  The mother of the child testified that she never allowed her children upon the street, but that upon the day of the accident she told them to go into the yard around which was a fence.  That there was a gate in it through which people came to get water and she cautioned the children not to go into the street.  The test of negligence under such circumstances is stated in the opinion of Mr. Justice MESTREZAT in Del Rossi v. Cooney, 208 Pa. 233 :

" Parents owe the duty of protection to their child of tender years, and they must exercise care to prevent it being exposed to danger in order to relieve themselves from the charge of contributory negligence if the child is injured through the fault of another.  When, therefore, the parent seeks to charge a negligent defendant with the injury to his child, it must appear that he has used the care toward it demanded of him by the circumstances.  The care thus required, however, is

only such as persons of reasonable prudence of the same class and with the same means, ordinarily exercise and deem adequate to protect their children from danger. "

The learned trial judge in his instructions submitted the question of appellees' negligence to the jury for its determination, and there was no error in his instructions in this regard.

The judgment is affirmed.

MR. CHIEF JUSTICE MITCHELL, dissenting.

On the facts of this case I would reach a different conclusion from that of the court below and the majority here. But the dangerous construction here was not far from the public street and appears to have been easily accessible from it. The case is therefore a close one and the submission of it to the jury might be sustained on its facts without great stretch of principle. But I most earnestly dissent from the effort to recognize the case of Hydraulic Works Co. v. Orr, 83 Pa. 332. The opinion of the majority refers to it as having "become like a shuttlecock in battledore to be pitched up and down." The reason is not far to seek. The case was a departure from settled principles, was wrongly decided, and has never commanded the general approval of professional opinion either at the bar or on the bench. In the very next subsequent case that arose in this court, Gramlich v. Wurst, 86 Pa. 74, it was practically overruled, for though Justice WOODWARD makes an effort to distinguish the cases, yet the distinction is merely in the details of fact and not in principle, and when he says that "no cause was ever more justly decided" he does not say more correctly or more legally decided, and his dictum is manifestly based on humane sentiment rather than on settled law. The two cases are absolutely irreconcilable in principle, and Gramlich v. Wurst, restored the ancient and established law. What little was left of authority in Hydraulic Works Co. v. Orr, was practically ended by Gillespie v. McGowan, 100 Pa. 144, though there again the mistake was made of setting up an unsubstantial distinction, instead of overruling the case absolutely. The same view was again taken in Horstick v. Dunkle, 145 Pa. 220.

A disposition to waver on the subject, however, cropped up in Schilling v. Abernethy, 112 Pa. 437, and since then the

case has, as the majority say, been pitched up and down like a shuttlecock. And it will so continue, for the decision is wrong and the ghost of error will not be laid. The settled common-law rule, followed in Gramlich v. Wurst, that a landowner is not liable for injury to a trespasser from a ditch or an open quarry or other obstruction on his own land unless it is so near the public highway that a traveler lawfully using the highway may accidentally or without intended trespass fall into it, is the only safe and permanent guide. The fact that the person injured is a child is immaterial because under the circumstances there was no negligence of the defendant.

I would reverse this judgment on the ground that on the admitted facts the court should have given binding directions for the defendant.

FELL, J., joins in the dissent.