# O'Gara, Appellant, *v.* Philadelphia Electric Company.

*Negligence—Electric light company—Uninsulated electric wires —Infant children—Playground—Unanticipated injury—Constructive notice—Judgment n. o. v.—Proximate cause.*

1. Although the use of uninsulated electric wires at a place which is to be legitimately regarded as a playground for children, either on account of the character of the place or by reason of its permissive use by children, will render the electric company owning the wires responsible for injuries resulting to children from such use, yet where the wires are so maintained as to be utterly inaccessible to anyone in the ordinary and usual use of the sidewalk or premises adjoining, it would be carrying beyond all reasonable ground the doctrine of the duty of anticipating what might happen to hold the company responsible for injuries sustained by a boy who climbed up an awning pole and came in contact with wires eight or ten feet above the sidewalk.

2. In an action against an electric company to recover damages for personal injuries resulting from a seven year old boy having come in contact with an uninsulated wire of defendant, it appeared that the wire was some eight or ten feet above the sidewalk, and connected with an electric light supended from the bar of an awning; that the boy had climbed up a pole supporting the awning, and while walking along a horizontal bar supporting the awning had come in contact with the wire. There was evidence that the boys of the neighborhood including plaintiff had been forbidden to climb the pole and there was no evidence that defendant had actual knowledge that they did so. The lower court entered judgment for defendant n. o. v. *Held,* no error.


Argued January 20, 1914. Appeal, No. 142, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., June Term, 1910, No. 754, entered for the defendant upon whole record in case of Patrick C. O'Gara, by his father and next friend, Patrick G. O'Gara, and Patrick G. O'Gara v. Philadelphia Electric Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.  Before STEWART, J.

The facts appear by the opinion of the Supreme Court.

Upon the trial the defendant presented a request for binding instructions in its favor.  This was refused, and the jury having disagreed, the court subsequently entered judgment for defendant upon the whole record, under authority of the Act of April 20, 1911, P. L. 70.

*Error assigned* was in entering judgment for defendant.

*John C. Bell,* with him *Charles F. Gerhard,* and *Ulysses S. Koons,* for appellants.

*R. Stuart Smith,* with him *Charles E. Morgan,* for appellee.

OPINION BY MR. JUSTICE BROWN, February 9, 1914:

The Acme Tea Company occupied a store room at the southeast corner of Twenty-fourth and Ingersoll streets, in the City of Philadelphia.  On the front and side of the building there was an awning over the sidewalk, supported by iron horizontal bars, one of which was fastened to a supporting iron pole or fluted column on the step in front of the store.  This horizontal bar was about eight or ten feet above the sidewalk, and there was suspended from it an arc light, maintained and controlled by the Philadelphia Electric Company.  On May 20, 1910, between seven and nine o'clock p. m., Patrick C. O'Gara, who was then between seven and eight years of age, was playing with some other boys under the awning, and in their sport, in running away from them, he climbed up the iron column on the step, and when he reached the horizontal rod attached to it, he got upon the same by holding on to another horizontal bar extending in the same direction, but at a different angle.  Holding on to the second bar, he walked out on the first in the direction of the arc light.  The farther out he went the

lower was the space between him and the awning, and
when he could no longer stand upright, he caught hold
of the electric wires running from the awning to the
lamp, receiving a shock which caused him to fall to the
ground.   This action is to recover for the injuries sus-
tained.

There was sufficient testimony to justify a finding
that the electric wires upon which the boy put his hands
had not been insulated, and the negligence charged
against the defendant company is its failure to insulate
them, the contention of the appellant being that, under
the circumstances, the duty rested upon it to do so.
Upon the trial the defendant presented a request for
binding instructions in its favor.   This was refused, and
the jury having disagreed, the court subsequently en-
tered judgment for the defendant upon the whole record,
in pursuance of authority to do so given by the Act of
April 20, 1911, P. L. 70.

If the defendant company ought reasonably to have
anticipated contact with the wires where the boy
grasped them, its use of them uninsulated at that point
was the proximate cause of the injury; and if the place
where he came in contact with them was to be legiti-
mately regarded as a playground for children, either on
account of the character of the place or by reason of its
permissive use by children, the defendant was bound to
anticipate that injuries might result from its use of un-
insulated wires.   All this is frankly conceded by learned
counsel for the appellee, whose further concession is
that the boy was not a trespasser upon private property,
nor guilty of contributory negligence, in view of his age.
The defense is that, under the circumstances, no duty
was upon the company to insulate the wires.   Its con-
tention, however, at the same time is that they were
properly insulated, but, as already stated, this was a
question for the jury, if the case ought to have been
submitted to them.

The electric lamp and the wires attached to it were

so maintained as to be utterly inaccessible by any one in the ordinary or usual use of the sidewalk on the premises occupied by the Acme Tea Company. The lamp was suspended eight or ten feet above the sidewalk from a rod which no one could reasonably conjecture would ever be used as the boy O'Gara used it. It was intended solely as a support to the awning, was beyond the reach of a man of more than ordinary height in passing over the sidewalk, and the only way a boy could get onto it was by climbing up the pipe or fluted column to which it was attached. To say that the defendant company ought, under these circumstances, to have anticipated that a boy would so get on it and attempt to walk over it in the direction of the electric lamp, would be carrying beyond all rational bounds the doctrine of the duty of anticipating what might happen. No case in this or any other jurisdiction with which we are familiar has gone to the limit to which we are asked to go on this appeal. Much reliance is placed by counsel for appellants on Mullen v. Wilkes-Barre Gas & Electric Company, 229 Pa. 54. "That case stands for and must be confined to its own facts": Trout v. Philadelphia Electric Company, 236 Pa. 506. Those facts were that there was a horse chestnut tree on a sidewalk in a borough. The electric company had no property right of any kind in the tree or in the premises on which it stood. Two of its wires, defectively insulated, passed through the upper branches of the tree. It appeared from the testimony that in pleasant weather children of the neighborhood were accustomed to assemble about the tree to play, and climbed into it in the progress of their sports and games, and, in proper season, to secure the nuts it bore. And it further appeared that the children enjoyed at least the permissive right from the owner to play in its branches and gather the nuts. Even without a permissive right from the owner of the tree to children to climb among its branches, the boy who was shocked by the wires did just what other boys would have been

likely to do under the circumstances. This the electric company ought to have anticipated when it left its unprotected wires in the tree. In commenting upon its claim to immunity from the charge of negligence, the learned judge, speaking for the Superior Court, said: "Upon what principle of law or reason may it rest the claim that this boy was bound to repress the natural and wholly innocent impulse to climb up among the shady branches of the tree on a summer afternoon, to the end that it should be relieved of its obligation to remove or repair its dangerous wire? We can discover none."

In the present case the boy O'Gara did what the defendant company could not have reasonably anticipated, and he did it in defiance of notice from the manager of the tea company not to do it. As to this we quote from his testimony: "Q. I suppose you never climbed up those poles when the store was open, did you? A. No, sir. Q. They wouldn't let you, would they? A. No, sir. Q. You never saw any other boys climb up there when the store was open? A. No, sir. Q. It was always after the store was shut up? A. Yes, sir. Q. And always at night? A. Yes, sir. Q. Did anybody ever tell you boys that you should not do that? A. Yes, sir. Q. Who? A. The manager. Q. The manager told you not to? Did the manager chase you away sometimes? A. No, sir. Q. Did the policeman chase you away? A. He caught some boy once. He hit him with a club. Q. For climbing up this place? A. Yes, sir. Q. And told you not to do it again? A. Yes, sir. He said, 'You will get hurt if you climb up there.'"

But it is urged that, as boys had frequently got on the awning rods in their sports, the defendant company had at least constructive notice of this and was, therefore, bound to insulate its wires. It does not appear that the company ever had any actual notice of the boys' performances, and, in the absence of such notice, it could safely assume that they would not do what the injured plaintiff and his companions did. Under the circum-

stances, nothing short of actual notice of their performances imposed any duty upon the company to protect them from injury from its wires suspended from the awning beyond their reach and that of all others in the ordinary use of the sidewalk and adjoining premises.

Judgment affirmed.