# Blackstone, Appellant, v. Penn Central Light & Power Company.

*Negligence—Infants—Trespassers—Electric company — Tower —Nonsuit.*

Where in an action against an electric company to recover damages for injuries sustained by an infant plaintiff it appears that the plaintiff, an eight year old boy, gained admission to a tower which accommodated high power electric wires, maintained by the defendant at a distance of 30 feet from a public road, and protected from the intrusion of trespassers by a five-strand wire

fence, and that he climbed the tower partly by means of a temporary ladder and partly by means of short pins placed far apart and extending horizontally from the supports, to a point where he came in contact with the electric wires and was thrown from the tower, a nonsuit is properly entered in the absence of evidence that children were accustomed or permitted to use or play on the ground within the enclosure or on the tower.

Argued April 20, 1915.   Appeal, No. 168, Jan. T., 1915, by plaintiffs, from judgment of C. P. Blair Co., Oct. T., 1915, No. 154, refusing to take off nonsuit, in case of Lloyd Theodore Blackstone by his next Friend and Mother, Margaret E. Blackstone, and Margaret E. Blackstone in her own right, v. Penn Central Light and Power Company, a Corporation under the laws of the State of Pennsylvania.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Trespass to recover damages for injuries to a minor child.

The facts appear in the following opinion of Baldrige, P. J., sur plaintiff's motion to take off nonsuit:

About nine miles east of Hollidaysburg, at a point where the Juniata river flows between two mountains, the defendant company erected a steel tower which accommodated high power electric wires.   This tower is located on the old tow path.   Twenty-five or thirty feet distant, to the north thereof, is a public highway, along which has been constructed and maintained substantial guard rails.   To the south of the tower flows the Juniata river.   There are no houses in the immediate vicinity, but in the summer this location was used at times by campers, fishers, picnickers and others in pursuit of pleasure.   Surrounding the base of the tower was a five-strand wire fence.   A child of eight years of age, living on the other side of the river and about a half mile distant, strayed over to the tower.   He climbed between the wires of the fence and by means of a temporary wooden ladder reached the lower girder of the tower.

From the uprights of the tower there extend short posts or pins, which were used by the boy in scaling the tower. At a distance variously estimated from 25 to 50 feet from the ground, he came in contact with the charged wires and was thrown to the ground and badly injured.

Under these circumstances was the defendant company liable? Could they have reasonably anticipated that a child of that age would crawl through the wire fence and ascend the steel structure by the means afforded? We think not. This company was in possession, and in so far as this case is concerned had the right of possession of the land enclosed. The photographs offered in evidence indicate that the pins, by means of which the boy made the ascent, were short and far apart. The fact that the boy reached the top of the tower shows that it was possible for a venturesome boy to accomplish that feat, but it certainly was not within the realm of reasonable probability, and that is all the defendant company could or was required to anticipate, especially when there was no testimony that children were accustomed or permitted to use or play on the ground within the enclosure or on the tower. In so far as the evidence reveals this was the first boy to obtain admission to or climb the tower, thus distinguishing it from the line of cases of which Mullen v. Wilkes-Barre Gas & Electric Co., 229 Pa. 54, is an example.

In the cases of O'Gara v. Philadelphia Electric Company, 244 Pa. 156; Saar v. American Glass Specialty Co., 55 Pa. Superior Ct. 282, as in the case at bar, there was no evidence to show that there was an invitation, permission or knowledge of use of the defendant property, and no recovery was allowed. It cannot be gainsaid but that a company using wires of this dangerous character must exercise great care, but they are not bound to anticipate the highly improbable occurrence. The facts in the case at bar show that all the precautions were taken that were imposed, under the law, upon the defendant company in making these wires inaccessible

A more extended examination of the question involved in this case fails to change the conclusion expressed when this nonsuit was entered.

The trial judge entered a nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Marion D. Patterson,* for appellants.

*Thos. C. Hare,* with him *H. J. Nesbit,* for appellee.

PER CURIAM, May 17, 1915:

This judgment is affirmed on the concise and clear opinion of the learned president judge of the court below, refusing to take off the nonsuit.

Judgment affirmed.