## De Carlo et al., Appellants, v. Margolis.

Argued December 6, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and BARNES, JJ.

*Henry E. Skaroff*, with him *Joseph P. Berks*, for appellants.

*Layton M. Schoch*, for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1936:

This action was in trespass for injuries to a boy 12 years of age. The suit was against the owner of the premises on which the accident occurred. From judgment entered on the verdict in favor of defendant plaintiffs have appealed.

The premises, 801 Washington Avenue in the City of Philadelphia, consisted of three stories. On the south side of this building, over the north sidewalk of Washington Avenue, was a fire escape, which consisted of two levels, with an opening from the lower or second floor to a drop ladder. The ladder, when not in use, was more than ten feet above the sidewalk, in which position it was supported by a chain attached to a ring at the bottom of the ladder, the chain then passing through a pulley opposite the third floor to a series of weights. The

weights were sustained in an iron basket-like container opposite the second floor. They weighed from 150 to 200 pounds, and balanced the weight of the ladder. From the testimony it appears that at the time of the accident some boys playing about the premises had lowered the ladder, causing the weights to be lifted out of the container. The ladder was reached by climbing up an iron screen over a window on the side of the building. The minor plaintiff was injured as a result of one or more of the weights falling on his foot. On the day following the accident, he told a doctor at the hospital that he had been playing around the fire escape with some boy friends when the weights fell on him. There was also testimony to the effect that when boys had been seen playing on the fire escape on previous occasions they had been chased away by defendant, as well as by a tenant and a neighbor, and that defendant had frequently complained to a police officer about the presence of children on the fire escape.

It is urged by plaintiffs that defendant was negligent in continuing to use a chain, alleged to be defective, to support the weights, and that such negligence caused the accident. Whether or not the use of this chain was negligent need not be considered. Viewed in defendant's favor, as the verdict requires, the testimony shows that the minor plaintiff and other boys were playing on and around the fire escape when the accident occurred, and that the ladder had been lowered by them, causing the weights to be raised from the iron basket. Even if it be assumed that the chain supporting the weights was defective, nevertheless, from all that appears, had the weights been allowed to remain in the basket the accident would not have happened. Between defendant's use of the chain and the injury to the minor plaintiff a cause intervened, for the intervention of which defendant could not be held legally responsible: see Marsh v. Giles, 211 Pa. 17; Rhad v. Duquesne Light Co., 255 Pa. 409; Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408;

Bannon v. P. R. R. Co., 29 Pa. Superior Ct. 231. Intermeddling by trespassers placed the weights in the position in which they did the harm complained of. The jury might well have found that defendant took all reasonable precautions to keep children from the fire escape, and therefore was not responsible for the intervening cause—particularly when it is remembered that they were trespassers whose presence defendant was not bound to anticipate. Indeed, it was open to the jury to find, from the statement made by the minor plaintiff the day after the accident, that at the time of the occurrence he was himself a trespasser, to whom defendant owed no higher duty than to refrain from wanton or wilful injury: see Rahe v. Fidelity-Phila. Trust Co., 318 Pa. 376, 378. In either case, the evidence was clearly adequate to support the jury's finding. Defendant could not be found guilty of negligence as a matter of law.

Complaint is made of numerous alleged errors in the charge to the jury. Of these we need consider but one. It is said that the trial judge erred in stating: "A fire escape is not a playground. I think merely to state that is to convince you that it must necessarily be true." It is not now necessary to determine whether a fire escape may or may not under any circumstances be a playground within the meaning of the rule. It is sufficient to point out that there was no acquiescence by defendant in the children's use of the fire escape, and that on the contrary defendant took reasonable steps to keep them from playing on it. Under the circumstances, therefore, this fire escape did not constitute a playground such as would make defendant liable for the minor plaintiff's injuries: see Rahe v. Fidelity-Phila. Trust Co., supra, and cases there cited. It follows that the charge complained of did not constitute prejudicial error. The cases cited by plaintiffs, in which children were injured on open grounds by dangerous conditions, notice of and acquiescence in which were chargeable to defendants, are not in point.

A careful examination of plaintiffs' remaining assignments of error has satisfied us that they are without merit, and that the judgment of the court below was entirely right.

Judgment affirmed.