## Powell et al. *v.* Ligon et al., Appellants.

Argued January 17, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Frank R. Ambler,* with him *Harry S. Ambler, Jr.,* for appellants.

*J. Ambler Williams,* with him *Robert Trucksess,* for appellees.

OPINION BY MR. JUSTICE DREW, March 30, 1939:

William G. Powell brought this claim in his own right and as next friend of his son, Howard A. Powell, to recover for personal injuries suffered by the latter on March 12, 1937, by reason of the alleged negligence of defendants. The jury returned a verdict for plaintiffs, and, following the dismissal of defendants' motions for judgment n. o. v. and a new trial, this appeal was taken.

Defendants, independent contractors, were engaged in the excavation of a sewer trench, six feet in width for a distance of two hundred seventy feet along the midline of Tenth Avenue, in the Borough of Conshohocken, Montgomery County. After their employees had left work on the afternoon in question, but while it was still daylight, the minor plaintiff, a boy not quite ten years of age, walked towards the center of that street, immediately in front of his home. There were barriers at each end of the ditch and a shoulder of dirt on one side, but the side from which the minor plaintiff approached was left en-

tirely open between the curb and the excavation. The far end of the ditch began at the level of the street and sloped down gradually until it reached a depth of ten feet at the point where the accident occurred. According to plaintiffs' evidence, the boy went to a point about a foot from the edge and was walking along the line of the trench when the paving beneath collapsed, throwing him into the ditch. Defendants, to the contrary, submitted evidence which, if true, indicated that the boy had walked down into the ditch and was playing therein when a part of it collapsed and fell upon him.

The space between the excavation and the curb was sufficient for automobiles to pass, and pedestrians and automobiles were free to make use of the street outside the area occupied by the excavation. Considerable blasting had been done by defendants' employees in removing rock from the excavation. As a result the macadam surface of the street had been undermined and weakened near the edge of the ditch where the accident happened. When the boy was in the aforementioned position near the trench, the street broke under him for a distance of about three feet back from the excavation, and men who went to his rescue found it necessary to support a large piece of the asphalt surface which would otherwise have fallen into the ditch. There was testimony that there was no shoring of the trench for about thirty feet on each side of the place where the cave-in occurred. The boy was almost completely buried by the dirt which fell upon him, and he was seriously injured.

A careful examination of the record has convinced us that there is no merit in the motion for judgment n. o. v., and it is dismissed.

The chief reason assigned in support of the motion for a new trial is that the learned trial judge erred in that portion of his charge relating to "attractive nuisance." We are bound to agree that this is correct. Since the jury might well have believed defendants' evidence that the boy was playing at the bottom of the ditch and was a

trespasser at the time of the accident, the effect of the trial judge's instructions as to the doctrine of attractive nuisance warranted the jury in concluding that defendants owed the minor plaintiff the duty of ordinary care, even though he was a trespasser. In this respect the oral charge was in error.

Defendants as independent contractors were in possession of the necessary area occupied by their work and were subject to the same liabilities as any possessor of land: *Allen v. Willard,* 57 Pa. 374; *Gramlich v. Wurst,* 86 Pa. 74. The general rule in this state is that the owner of land is under no duty to trespassing children, except the duty of refraining from inflicting wanton or willful injury: *Rahe v. Fidelity-Phila. Trust Co.,* 318 Pa. 376. This is not true, however, where he has consistently permitted such trespassing, *(Hogan v. Etna Concrete Block Co.,* 325 Pa. 49), or maintained on his land an attractive appliance dangerous to children: *Duffy v. Sable Iron Works,* 210 Pa. 326. Thus in *Fitzpatrick v. Penfield,* 267 Pa. 564, this court said (p. 572): "Ordinarily, the tender age of a child cannot have the effect of raising a duty where none otherwise existed, and the rule throughout the United States is that the mere fact a trespasser is a child will not create or impose on the owner of a property any duty to keep his premises safe; especially is this true in this State, where the owner does not erect on his premises an attractive appliance, or permit the land to be used as a playground for such length of time as to presuppose an invitation or permission to occupy the premises in this manner." The instruction of the learned court below that the jury might determine whether the ditch was an attractive nuisance raising the duty of ordinary care cannot be sustained.

This court has maintained a strict insistence on keeping the application of the attractive nuisance doctrine within narrow bounds. We have rejected it entirely when the injury occurs well back on private property

where the presence of a child is not to be anticipated: *Thompson v. B. & O. R. R. Co.*, 218 Pa. 444. In *Gillespie v. McGowan*, 100 Pa. 144, Mr. Justice PAXSON said (p. 151) : "It is part of a boy's nature to trespass, especially where there is tempting fruit, yet I never heard that it was the duty of the owner of a fruit tree to cut it down because a boy trespasser may possibly fall from its branches. Yet the principle contended for by the plaintiff would bring us to this absurdity if carried to its logical conclusion. Moreover, it would charge the duty of the protection of children upon every member of the community except their parents." We there held that an open well in a lot frequented by children is not an attractive nuisance. Likewise, an excavation such as that in the instant case can in no sense be termed an attractive nuisance. This conclusion was reached in the following cases: *Savannah, Fla. & W. Ry. Co. v. Beavers*, 113 Ga. 398; *Tighe v. City of Lowell*, 119 Mass. 472; *Johnson v. City of New York*, 208 N. Y. 77; *Liddle v. Yorkshire County Council* [1934], 2 K. B. 101; *Fay v. Kent*, 55 Vt. 557; *Breckenridge v. Bennett*, 7 Kulp 95.

The tendency of those courts which recognize the attractive nuisance doctrine is to confine, rather than enlarge, its scope: *Cox v. Alabama Water Co.*, 216 Ala. 35; *Lucas v. Hammond*, 150 Miss. 369. In *United Zinc & Chemical Co. v. Britt*, 258 U. S. 268, Mr. Justice HOLMES said (p. 274) : "The doctrine needs very careful statement not to make an unjust and impracticable requirement. . . . Infants have no greater right to go upon other peoples' land than adults, and the mere fact that they are infants imposes no duty upon landowners to expect them and to prepare for their safety. On the other hand the duty of one who invites another upon his land not to lead him into a trap is well settled, and while it is very plain that temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them,

has the legal effect of an invitation to them although not to an adult. But the principle if accepted must be very cautiously applied."

Moreover, to apply the doctrine to such road or street excavations would impose upon contractors a heavier burden than they could reasonably bear. Children must be held responsible for their actions when they conflict with the strong public interest in preserving to the possessor the free use of his land: Jeremiah Smith, Liability of Landowners to Children, 11 Harvard Law Review 349; Eldredge, Tort Liability to Trespassers, 12 Temple Law Quarterly 32, 50; cf. Restatement of Torts, sec. 339(d), comment f; sec. 369, comment c. In *Erickson v. Railway Co.*, 165 Minn. 106, the Supreme Court of Minnesota, in holding that a well-drilling outfit in a public street was not within the scope of the doctrine, said (p. 112) : "The turntable [i. e., attractive nuisance] doctrine originates in the fact that a turntable when not in use can be made safe at slight expense. It is practicable to fasten it. When this may be done so readily, effectively and cheaply, it is not surprising that the rule was adopted to extend help to those not able to protect themselves. It therefore follows that the practicability and reasonableness of guarding the agency often mark the dividing line between a case in which this rule is applied and a case in which it is not applied. Because of its character and its general and common use, it would not do to say that equipment of the kind here in question must be kept inclosed or fenced." Where the doctrine is accepted it is not applied if the practicability of the object would be destroyed by the precautions which would be necessary to prevent injury to children attracted by it: *Peters v. Bowman,* 115 Cal. 345; *Bicandi v. Boise Payette Lumber Co.,* 55 Idaho 543; *Ryan v. Towar,* 128 Mich. 463; *Stendal v. Boyd,* 73 Minn. 53; *Railroad Co. v. Harvey,* 77 Oh. St. 235; *City of Shawnee v. Cheek,* 41 Okla. 227. The decisions of this court are consistent with this underlying principle. Thus, when

a road scraper left near the highway could have been safely secured against danger to children by the simple device of tying the operating mechanism with a rope, it is not imposing an undue burden to require defendant to take this simple precaution: *Reichvalder v. Taylor,* 322 Pa. 72. Similarly, it is not a great burden to require a landowner to shield a vat of hot grease adjacent to the highway in order to protect children, even though trespassers: *Duffy v. Sable Iron Works,* 210 Pa. 326. But where the condition alleged to be attractive is incident to the normal operations of the possessor's business and where the cost and burden of providing safeguards for children would unduly hinder, if not prevent, the conduct of necessary and highly beneficial enterprises such as that in the present case, there is no warrant in the law for requiring the possessor to take such precautions to protect trespassing children: *Guilmartin v. Philadelphia,* 201 Pa. 518; *O'Gara v. Phila. Electric Co.,* 244 Pa. 156; *Blackstone v. Penn Central Light & Power Co.,* 249 Pa. 519; *Colligen v. Phila. Electric Co.,* 301 Pa. 87; *De Carlo v. Margolis,* 320 Pa. 500.

In the instant case defendants and all others engaged in like business must in the normal course of their business excavate numerous long ditches. To require them to fence in all such areas or to take other precautions to protect trespassers would involve a prohibitive expense and would unduly impede them in the efficient carrying out of their work. The imposition of such an impracticable burden is not warranted; and since the instruction complained of permitted the jury to find defendants owed a duty of ordinary care towards the minor plaintiff, even if he were trespassing in the bottom of the ditch, a new trial must be granted.

Judgments reversed and new trial granted.