Engel, Appellant, *v.* Parkway Company.

Argued April 28, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert Land,* with him *Labron K. Shuman,* and *Shuman, Denker & Land,* for appellant.

*John F. Ledwith,* with him *Joseph R. Thompson,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 2, 1970:

On May 9, 1967, Maxine Engel (decedent) leaped to her death *from the roof* of "2601 Parkway," a highrise apartment building operated by the defendant (appellee) Parkway Company. On November 6, 1968, appellant Milton Engel, husband of the deceased, as executor of decedent's estate and trustee ad litem for the beneficiaries of the estate, instituted a suit against Parkway Company, Friends Hospital and Abraham Freedman, M.D., to recover damages resulting from the death of the decedent. Subsequently, Parkway Company filed preliminary objections in the nature of a demurrer on the grounds that the complaint failed to state a cause of action. The lower Court in an Opinion by SPORKIN, J., dated January 5, 1970, sustained the preliminary objections and dismissed plaintiff's complaint. From that Order, appellant brings this appeal.

Preliminary objections in the nature of a demurrer and judgment on the pleadings have long been considered as in effect identical and ought to be judged by the same standard. *London v. Kingsley,* 368 Pa. 109, 81 A. 2d 870. In both cases "it is hornbook law that all the facts which are well pleaded by the adversary, together with all reasonable inferences therefrom are admitted, but conclusions therefrom and averments of law are not admitted: Robinson v. Philadelphia, 400 Pa. 80, 161 A. 2d 1; Fawcett v. Monongahela Railway Co., 391 Pa. 134, 137 A. 2d 768." *Bednarowicz v. Vetrone,* 400 Pa. 385, 387-388, 162 A. 2d 687. See also *Philadelphia v. Penn Plastering Corp.,* 434 Pa. 122, 253 A. 2d 247; *Aughenbaugh v. North American Refractories Co.,* 426 Pa. 211, 231 A. 2d 173. Preliminary objections which result in dismissal of a plaintiff's suit should be sustained only in cases which are clear and free from doubt. *Conrad v. Pittsburgh,* 421 Pa. 492, 218 A. 2d 906; *Hyam v. Upper Montgomery Joint Authority,* 399 Pa. 446, 160 A. 2d 539.

The relevant allegations of the complaint are as follows:

Parkway Company negligently maintained a dangerous condition by allowing the use of the roof of the building to anyone granted access into the building instead of restricting the use of the roof to tenants and their guests; Parkway Company further failed to lock the doors leading to the roof areas and to fence in the roof area, having had knowledge of prior suicides and attempts; decedent, by reason of an infantile mind and strong suicidal tendencies, did not appreciate the danger of the condition of the defendant's premises. The lower Court found these allegations insufficient to make out a cause of action against Parkway Company because they would not, if proved, establish that Parkway Company breached any legal duty owed the decedent.

Appellant in his brief contends that decedent's death "was a foreseeable consequence of defendant's conduct and public policy imposed a legal duty upon the defendant." We disagree. It is hornbook law that the mere happening of an accident does not entitle the injured person to a verdict; plaintiff must show that defendant owed him a duty and that duty was breached.

Plaintiff was a trespasser who could recover only if defendant was guilty of willful or wanton negligence or misconduct. *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 212 A. 2d 440; *Frederick v. Philadelphia Rapid Transit Company*, 337 Pa. 136, 10 A. 2d 576. No such negligence or misconduct was averred. We find no merit in any of plaintiff's contentions.

Order affirmed.

Mr. Justice JONES and Mr. Justice POMEROY concur in the result.