## Kubert v. Philadelphia Bar Association

*David Kubert,* for plaintiffs.
*Harold E. Kohn,* for defendants.

HIRSH, J., February 19, 1974.—Plaintiff, David H. Kubert, initiated this trespass action on behalf of himself and all other lawyer candidates for judge of the Court of Common Pleas for Philadelphia County who were not incumbents and who were classified as unqualified by the Philadelphia Bar Association (hereinafter called "the association"). Plaintiff specifically alleges that this class of candidates was libeled and slandered by the association's comments on their qualifications. The association filed preliminary objections to that complaint, and it is those objections and

plaintiff's answer thereto which are presently before this court.

Preliminary objections which result in the dismissal of a cause of action should be sustained in those cases which are clear and free from doubt. Therefore, preliminary objections are an appropriate remedy only where plaintiff's complaint shows on its face that his claim is devoid of merit: Engel v. Parkway Co., 439 Pa. 559, 266 A. 2d 685 (1970); Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A. 2d 576 (1967). In the instant case, this court finds that there can be no doubt that plaintiff has failed to state a cause of action and, for the following reasons, dismisses the complaint.

In order for plaintiff to sustain a cause of action, it is necessary for plaintiff to satisfy the standards set forth in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710 (1964). In that decision, the Supreme Court of the United States set forth the following standard, at pages 279-80, as the definitive test for libel and slander actions by public officials:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."

Therefore, in the instant case, this court must decide if plaintiff, who was only a candidate for public office, is a public official and if plaintiff makes sufficient averments to support a claim of "actual malice."

First, the Supreme Court of the United States has clearly defined "public official" in decisions which

followed the New York Times case. See e.g. Ocala Star-Banner Co. v. Damron, 401 U.S. 295, 91 S. Ct. 628 (1971), and Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S. Ct. 621 (1971). It is clear from those decisions that plaintiff, as a candidate for public office, is a "public official," within the meaning of New York Times Co. v. Sullivan, *supra*.

As to the "actual malice" issue, decisions by the Supreme Court of the United States subsequent to the New York Times case also provide guidance for this action. In Garrison v. Louisiana, 379 U.S. 64, 85 S. Ct. 209 (1964), the court held that it was necessary to show that a false publication was made with a "high degree of awareness of . . . probable falsity." In St. Amant v. Thompson, 390 U.S. 727, 88 S. Ct. 1323 (1968), it was held that the publication of defamatory statements when the defendant, in fact, entertained serious doubts as to the truth of its publication demonstrates actual malice. "It may be said that such a test puts a premium on ignorance, encourages the irresponsible publisher not to inquire, and permits the issue to be determined by the defendant's testimony that he published the statement in good faith and unaware of its probable falsity." And, finally, in Garrison v. Louisiana, supra, the court limited defamation actions by public officials to those cases involving false statements made with a high degree of awareness of their probable falsity. "The First and Fourteenth Amendments embody our 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials' ": Garrison v. Louisiana, supra, at page 75. In light of these decisions this court again

looks at plaintiff's complaint to determine if a cause of action has been alleged.

Plaintiff alleges in paragraph 7 that the association's guidelines and procedures were "unfair and discriminatory" to plaintiff. Specifically, plaintiff avers that he did not have an opportunity to appear before the entire 12-member Judiciary Committee of the association, that the opinions of the Judiciary Committee were not submitted for comment to the association's members, that the Judiciary Committee prejudicially considered the age of the candidates, that the Judiciary Committee violated the bylaws and charter of the association, and that the use of the word "unqualified" was "unnecessary and undesirable." However, where is the actual malice, the reckless disregard, the high probability of falsehood or the high degree of awareness of the probable falsity? The fact that plaintiff did not have an opportunity to appear before the entire Judiciary Committee is not a reckless disregard of the truth, or that the Judiciary Committee's recommendations were not submitted to the association's membership for ratification is not actual malice, or that the Judiciary committee considered a candidate's age does not indicate a high degree of awareness of probable falsity, or that the Judiciary Committee violated the association's bylaws and charter is not actual malice, or that the use of word "unqualified" indicates a reckless disregard of the truth. Clearly, none of plaintiff's allegations constitute a cause of action within the limitations of the New York Times standards. The fact that the association's system for the evaluation of judicial candidates may have been "unnecessary and undesirable" does not form the basis for a cause of action for defamation. Once plaintiff entered the kitchen of politics, he cannot complain about the heat

unless he alleges more than he did in the instant complaint.

Plaintiff also alleges in paragraph 14 that the action of the association was either "intentional or negligent or wanton and reckless." However, intentional or negligent acts are not a sufficient foundation on which plaintiff can rest a cause of action for defamation under these facts. Clearly, actual malice has never been defined as merely intentional and negligent acts. As to the allegation of wanton and reckless acts, there are no factual allegations which support his conclusion. Plaintiff, in fact, admits that he was interviewed by the two Judiciary Committee members and that the report of the committee was released by the association with the proviso that the fact that a lawyer may be declared to be unqualified for a judgeship does not reflect on his integrity and effectiveness as an attorney. The fact that only two committee members interviewed plaintiff, or that "special advisors" did the interviewing of other candidates, or that the publication's disclaimer as to plaintiff's fitness as an attorney was not prominent enough, does not indicate any wanton and reckless behavior on the part of the association. Again, plaintiff is merely arguing in his answer to the preliminary objections that the wantonness of the association arises out of their adoption of a candidate review method that was "unnecessary and undesirable." And again this court must respond that such allegations do not form the basis of an action under New York Times Co. v. Sullivan, supra. Accordingly, it is hereby ordered that the aforesaid preliminary objections are sustained, and the complaint is dismissed.