## Safeguard Mutual Insurance Co. v. Jenkins

*Henry B. Fitzpatrick, Jr.*, for plaintiff.
*Jacob S. Richman*, for defendants.

HIRSH, J., February 22, 1974.—In its amended complaint, plaintiff alleges that defendants breached

their insurance contract with plaintiff by failing to cooperate with plaintiff in the defense of Quince Jenkins in the case of Bailey v. Jenkins, June term, 1964, no. 550, Court of Common Pleas, Philadelphia County. As a result of that alleged breach, the trial in that case resulted in a verdict against defendant, Quince Jenkins, in the amount of $25,000. Plaintiff thereafter satisfied the judgment entered on that verdict by paying $18,500 to Isaac Bailey. Therefore, plaintiff presently seeks to recover $18,500 from defendants as the damages which resulted from defendants' breach of the contract of insurance. Defendants, in turn, seek to dismiss the amended complaint and it is their preliminary objections and plaintiff's answer thereto which are presently before this court.

By their preliminary objections, defendants admit the truth of all the facts averred in the amended complaint, but they claim that such facts do not constitute a cause of action.

In its review of these objections, this court must sustain the objections and dismiss the complaint only if plaintiff's failure to state a cause of action is "clear and free from doubt": Robinson v. Philadelphia, 400 Pa. 80, 161 A. 2d 1 (1960); Engel v. Parkway Co., 439 Pa. 559, 266 A. 2d 685 (1970). In the present case, this court must sustain the objections of Bertha Jenkins because it finds the requisite clarity as to the cause of action against wife-defendant, Bertha Jenkins. As to the husband-defendant, Quince Jenkins, this court must dismiss his preliminary objections for the following reasons

Plaintiff alleges that both defendants have breached the insurance contract by not cooperating with plaintiff in its defense of Quince Jenkins in Bailey v. Jenkins. However, defendant, Bertha Jenkins, was not a party to that suit and, furthermore, she is not the named insured on the policy, although she is an in-

sured within the terms of her husband's policy, paragraph III(a). However, paragraph III(a) also includes within its definition of "insured" any person "while using the automobile and any person or organization legally responsible for the use thereof." On the basis of this definition of "insured," plaintiff urges this court to conclude that wife-defendant breached the contract. However, how can she breach a contract when she was not a party to that contract? Admittedly, she was covered by that contract, but she was not the named insured nor was she a defendant in the previous case of Bailey v. Jenkins. In essence, plaintiff is urging this court to adopt the position that a disinterested party to a contract and to a cause of action arising under that contract can now become liable for $18,500 paid in satisfaction of the judgment in that cause of action. Under that position, plaintiff could sue any person for a breach of the insurance contract on noncooperation grounds if that person refused to appear at trial and if that person also happened to have used the insured automobile on other occasions with the permission of the named insured. Because such an interpretation is totally untenable, this court must conclude that even though wife-defendant may not have cooperated with the defense in Bailey v. Jenkins, as alleged by plaintiff, that failure to cooperate does not create any liability on wife-defendant's part for $18,500.

As to the other defendant, Quince Jenkins, this court must conclude that a cause of action has been alleged. This defendant claims that, under the insurance contract, plaintiff can only impose liability on this defendant by disclaiming liability in the Bailey v. Jenkins case. However, this defendant does not point to any part of the policy which states that plaintiff must disclaim liability and cannot sue for breach of contract. Plaintiff in its amended complaint has

alleged a contract, a breach of a condition thereof, and damages. Such allegations are sufficient to sustain a cause of action. Consequently, this court cannot conclude that plaintiff has clearly and undoubtedly failed to state a cause of action.

Accordingly, it is therefore, ordered and decreed that defendant's preliminary objections to amended complaint are sustained in part and the complaint is dismissed as against defendant, Bertha Jenkins; preliminary objections in the nature of a demurrer by defendant, Quince Jenkins, are overruled; responsive pleading to be filed within 20 days from the date hereof.