James A. Muntan, Appellant *v.* City of Monongahela, Appellee.

Submitted on briefs, May 4, 1978, to Judges MENCER, ROGERS and DISALLE, sitting as a panel of three. Reargued May 8, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DISALLE and CRAIG did not participate.

*E. J. Julian,* for appellant.

*Stephen P. McCloskey,* for appellee.

OPINION BY JUDGE MENCER, August 9, 1979:

James A. Muntan (plaintiff) appeals from an order of the Court of Common Pleas of Washington County sustaining the preliminary objection of the City of Monongahela to plaintiff's complaint in trespass. We reverse.

Plaintiff is an individual who operates a welding business in the City of Monongahela. His complaint makes the following allegations:

3. At all times herein mentioned, Officers Bosco and McMahan were duly appointed police officers of the City of Monongahela, Defendant.

4. On or about July 19, 1975, Plaintiff was conducting said welding business at said business premises when said Officers Bosco and McMahan appeared at said premises and requested to see a work permit which said officers stated was required by a city ordinance in order to conduct the work which Plaintiff was doing at the time.

5. No such work permit was required for the work which Plaintiff was doing at the time.

6. When Plaintiff did not produce the work permit demanded by said officers, inasmuch as it was not required, the said officers ordered Plaintiff to shut down his business. When Plaintiff replied that he was not required to have a permit and that he did not have to shut down his business, said officers threatened to arrest Plaintiff for disorderly conduct. In order to avoid said threatened arrest, Plaintiff shut down his business.

7. At all times mentioned in the foregoing paragraphs, officers Bosco and McMahan were

acting in the course and scope of their employment by Defendant, City of Monongahela, and in pursuance of their duties which included enforcing city ordinances. At all times mentioned in the foregoing paragraphs Officers Bosco and McMahan had lawful authority so to act in their employer's behalf, including the right reasonably and properly to enforce the ordinances of Defendant, City of Monongahela. Nevertheless, the said authority was wrongfully and erroneously exercised by said officers.

8. Because of the wrongful actions of said officers of Defendant, City of Monongahela, which forced Plaintiff to shut down his business, Plaintiff was unable to complete work on a truck on which he was working when he was forced to shut down, and because of the failure to complete work on the said truck, Plaintiff was unable to fulfill a contractual obligation to rebuild a coal crusher, since the said truck was essential to Plaintiff's ability to rebuild said coal crusher. Because of Plaintiff's failure to fulfill his contractual obligations, he suffered loss of profit of $4,824.50.

The City filed a preliminary objection in the nature of a demurrer, contending that the complaint failed to state a cause of action. The lower court sustained the objection in the belief that the "action is in the nature of malicious prosecution" and that the failure to allege malice is fatal to the complaint. This appeal followed.[1]

---

[1] Jurisdiction of this appeal is properly in the Superior Court, since these proceedings do not arise under any zoning code or other class of cases encompassed by the provisions of Section 402(4) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.402(4), repealed by Section 2(a) [1443] of the Judiciary Act Repealer Act,

In our opinion, the plaintiff has adequately alleged facts establishing a cause of action for negligence. "To constitute actionable negligence in a trespass action, three essential elements must appear in the complaint: 1) a duty owed by the defendant to the plaintiff, 2) a breach of that duty and 3) an injury resulting from that breach." *Washabaugh v. Fayetteville Contractors, Inc.*, 13 Adams L.J. 104, 105 (1971). We believe that police officers have a duty to exercise reasonable care in their official dealings with citizens who may be injured by their actions. The import of the complaint, read as a whole, is that the officers involved breached this duty in failing to exercise reasonable care in ascertaining the requirements of the ordinance which they were purporting to enforce.[2] Plaintiff has alleged damages resulting from this breach of duty. A cause of action has therefore been stated against the police officers themselves; although they may be entitled to conditional immunity, *see, e.g., Ammlung v. Platt*, 224 Pa. Superior Ct. 47, 302 A.2d

Act of April 28, 1978, P.L. 202. A similar provision is contained in the Judicial Code, 42 Pa. C.S. §762(a)(4). However, the failure of the parties to object operates to "perfect" our jurisdiction under Section 503 of the Act of 1970, *formerly* 17 P.S. §211.503(a) (see now the Judicial Code, 42 Pa. C.S. §704(a)) and Pa. R.A.P. 741(a), and we have the discretion to decide this appeal on its merits. *See, e.g., Scranton Housing Authority v. Scranton*, 4 Pa. Commonwealth Ct. 255, 284 A.2d 148 (1971). In the interests of judicial economy, we will refrain from transferring this case to the Superior Court on our own motion.

[2] Of course, it would be insufficient to allege merely an erroneous interpretation of the law. This precise issue has not been raised, however. Moreover, "[p]reliminary objections which result in dismissal of a plaintiff's suit should be sustained only in cases which are clear and free from doubt." *Engel v. Parkway Co.*, 439 Pa. 559, 561, 266 A.2d 685, 686 (1970). We believe that the complaint, read as a whole and together with the use of the word "wrongful" in paragraphs 7 and 8, adequately alleges a failure to exercise reasonable care.

491 (1973), and although they are not, in any event, parties to this action.[3]

The doctrine of governmental immunity has been abolished, however. *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). The City may therefore be held responsible for the torts of its employees under the doctrine of respondeat superior, despite the fact that the employees themselves may be immune from liability. *See Wicks v. Milzoco Builders, Inc.,* 25 Pa. Commonwealth Ct. 340, 347, 360 A.2d 250, 253 (1976); Restatement (Second) of Agency §217(b)(ii)(1958). A cause of action has therefore been stated against the City as well as the officers.

In its brief, the City urges us to resurrect the "governmental-proprietary" distinction disapproved in *Ayala, supra,* and to make the City immune for the

---

[3] *Cf.* Restatement (Second) of Torts §552(1) (1977) which provides as follows:

§552 Information Negligently Supplied for the Guidance of Others

(1) One who, in the course of his business, profession or employment, . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

It is alleged here that the officers, in the course of their employment, supplied false information to the plaintiff concerning the requirements of the city's ordinances, in the expectation that plaintiff would be guided by this false information in conducting his welding business. If plaintiff had relied upon this information, he would have had a cause of action based on this section of the Restatement. We do not believe that a different result is required simply because plaintiff does not allege reliance upon the misrepresentation itself but reliance on the officers' threat to arrest him if he did not cease work. The alleged conduct of the officers is, if anything, more egregious than a misrepresentation standing alone.

activities of its employees engaged in governmental activities, at least where the harm suffered is pecuniary in nature. In support of this contention, the City argues that agents of governmental bodies should not need to be concerned with the fear of lawsuits for diligently discharging their duties. It is for precisely this reason that the Supreme Court has reaffirmed, in a modified form, the principle that government employees are conditionally immune from liability for torts committed in the course of their employment. *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978). The granting of such immunity to individuals may tend, however, to encourage laxness and a disregard of potential harm. The imposition of liability upon the governmental body may have the desirable balancing effect of increasing the government's care and concern for those who may be injured by the tortious acts of its agents. *See Ayala, supra,* 453 Pa. at 599, 305 A.2d at 884.[4]

Order reversed and case remanded.

### ORDER

AND Now, this 9th day of August, 1979, the order of the Court of Common Pleas of Washington County, dated May 13, 1977, sustaining the preliminary objection of the City of Monongahela, is hereby reversed, and this case is remanded for further proceedings consistent with this opinion.

---

[4] The provisions of the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq., do not apply to causes of action which arose prior to January 25, 1979, *see* Section 803 of that Act, 53 P.S. §5311.803, and we have not, therefore, considered the effect, if any, of that Act on the instant case.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent. The only allegation regarding the activity of the police officers in this case for which the municipality is said to have

liability is that they "wrongfully and erroneously exercised" their authority as police officers. Contrary to the position of the majority, I cannot find any express or implied allegation, in one place or taking the complaint as a whole, that the officers were negligent or failed to exercise reasonable care. The only thing I find express or implied is that they were wrong. If this is to be the law, it would appear to me that every municipality is subject to suit every time its police officers make an arrest and the charges are dismissed or the jury fails to convict. I cannot agree that making an error or being wrong implies a lack of reasonable care.