J-S17043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENT THOMAS | : | |
| | : | |
| Appellant | : | No. 1748 EDA 2023 |

Appeal from the PCRA Order Entered May 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006628-2017

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 25, 2024**

Appellant, Brent Thomas, appeals from the post-conviction court's May 26, 2023 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises one claim of appellate counsel's ineffectiveness in this appeal.  After careful review, we affirm.

The facts of Appellant's case were accurately set forth by the trial court as follows:

> On April 23, 2017, at 11:07 a.m., Philadelphia Police Officer Matthew Rivera and his partner were on routine patrol near Howard and York Streets in Philadelphia, a high drug and violent crime area in which Officer Rivera made about sixty prior arrests for narcotics violations.  Officer Rivera observed a silver Cadillac Deville with heavily tinted windows in violation of the Pennsylvania Motor Vehicle Code, being operated in the 100 block of West York Street.  (N.T.[,] 7/30/18, [at] 7-8, 16, 17, 57).  When the operator of the Cadillac, [Appellant] …, disregarded two stop signs, Officer Rivera and his partner signaled [Appellant] to stop the car, which was registered to [Appellant].  ([*Id.* at] 9).  [Appellant] then

opened his window and began speaking with Officer Rivera. ([*Id.*])

Following the stop, Officer Rivera asked [Appellant] for his license, vehicle registration, and proof of insurance. [Appellant] gave Officer Rivera his license and stated that the registration and insurance cards were in the trunk and that a search warrant would be needed for the officer to obtain those items. ([*Id.* at] 9-10).

During their conversation, [Appellant] began reaching around in his seat which made Officer Rivera nervous that there was a weapon in the car or that [Appellant] was armed with a weapon. ([*Id.* at] 9-10). Officer Rivera ordered [Appellant] to exit his vehicle. ([*Id.* at] 10-11). Prior to ordering [Appellant] to get out of the car, the officer noticed a large bulge on [Appellant]'s left side and detected the odor of burnt marijuana emanating from the inside of the car. ([*Id.* at] 10-11, 28-31). [Appellant] stated that he did not smoke marijuana in the car but that a friend did. ([*Id.* at] 32, 50).

After [Appellant] got out of his car, Officer Rivera patted him down for weapons and discovered that the large bulge he saw was a wallet in his back pocket which had $506.00 in it. ([*Id.* at] 11, 14). Additionally, Officer Rivera's partner informed him that he saw a plastic container containing bundles of money that totaled $5,386.00[.] ([*Id.* at] 11, 12, 14, 16). Based on his observations, experience, and training as a police officer, including the large amount of money on [Appellant]'s person and in the vehicle, along with the smell of burnt marijuana, Officer Rivera believed that the car contained drugs and he decided to call for the K-9 Unit. ([*Id.* at] 10-11, 37). At this time, [Appellant] was then placed in the officers' patrol car. ([*Id.* at] 11-12).

The K-9 Unit arrived approximately a half hour after the request was made, and the dog reacted to the car's center console, the driver's door, and the trunk. ([*Id.* at] 12-13, 57). Officer Rivera advised [Appellant] of the results of the dog search and then contacted East Detectives for direction about how he should proceed. ([*Id.* at] 13). They advised Officer Rivera that he had sufficient grounds to conduct a warrantless search of the car and had permission to do so. Upon opening the trunk of the car, he observed in plain view eleven bundles containing fifteen packets filled with heroin weighing 4.975 grams. ([*Id.* at] 13, 113). Officer Rivera then lifted the cover of the spare tire

compartment and observed two loaded Glock handguns. ([*Id.* at] 13).

PCRA Court Opinion (PCO), 10/6/23, at 2-3 (unnumbered).

Following his arrest, Appellant was charged with one count of Possession with the Intent to Deliver a Controlled Substance (35 P.S. § 780-113(a)(30)), two counts of Persons Not to Possess a Firearm (18 Pa.C.S. § 6105), and two counts of Firearms Not to be Possessed Without a License (18 Pa.C.S. § 6106). Appellant filed a motion to suppress, which was denied after a hearing. Thereafter, Appellant was convicted of all counts and sentenced to an aggregate term of 5 to 15 years of imprisonment followed by seven years of probation.

Appellant filed a timely direct appeal and this Court affirmed Appellant's judgment of sentence on January 14, 2021. *Commonwealth v. Thomas*, 248 A.3d 484 (Pa. Super. 2021) (unpublished memorandum). Thereafter, the Pennsylvania Supreme Court denied further review. *Commonwealth v. Thomas*, 259 A.3d 337 (Pa. 2021).

Appellant filed a timely PCRA petition on April 1, 2022. Therein, he set forth one claim: "[Appellant] argues that he is entitled to PCRA relief because appellate counsel did not take the necessary steps to incorporate the case of *Commonwealth v. Alexander*, 243 A[.]3d 177 ([Pa.] 2021), into his argument while the appeal was ongoing." PCRA Petition, 4/1/22, at 1. In his brief to this Court, Appellant states his issue as follows: "Did the trial court commit error when it dismissed the PCRA claim that appellate counsel was

ineffective by failing to take measures while the appeal was open to address the new holding in *… **Alexander***?" Brief for Appellant at 5.[1]

In evaluating the denial of a claim filed under the PCRA, this Court's standard of review is "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

Where, as here, an appellant asserts that they received ineffective assistance of counsel, the following standards apply:

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must

---

[1] In the Argument section of his brief, Appellant initially states his issue as: "Did the trial court commit error when it dismissed the PCRA claim that trial counsel was ineffective because counsel failed to file post-sentence motions challenging the weight of the evidence?" Brief for Appellant at 14. This is clearly a typographical or editing error. The brief for Appellant contains no argument about *trial counsel*'s alleged ineffectiveness, or a weight of the evidence claim. Rather, the brief concentrates on whether appellate counsel was ineffective for failing to address the ***Alexander*** decision prior to his direct appeal being final, corresponding to the issue as stated in the Statement of Questions Involved section. ***See*** Brief for Appellant at 5. As our review of Appellant's appeal is not hampered by this typographical error, we will address the merits of the sole issue raised on appeal.

demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 688 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014) (most internal citations omitted). Finally, if an appellant fails to satisfy any prong of the ineffectiveness standard, the claim will fail. **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa. Super. 2009).

Appellant contends that his direct appeal counsel provided ineffective assistance by failing to ask this Court to stay his appeal in order to either file an amended brief addressing the applicability of the **Alexander** decision to his case, or to request a remand of the matter to the trial court for reconsideration of the motion to suppress based upon **Alexander**. Brief for Appellant at 13-14.

More specifically, Appellant asserts that prior to the **Alexander** decision, courts in this Commonwealth followed the federal "automobile exception" to the warrant requirement as set forth in **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014). Under **Gary**, police could lawfully conduct a warrantless vehicle search based solely upon probable cause, with no additional exigency other than the inherent mobility of an automobile. **Gary**, 91 A.3d at 104. After the **Alexander** decision, and pursuant to Article I, Section 8 of the Pennsylvania Constitution, police now need *both probable*

*cause and exigent circumstances* to lawfully perform a warrantless search of a vehicle. ***Alexander***, 243 A.3d at 207-08.

Appellant maintains in his brief to this Court that there were no exigencies in his case, which, under ***Alexander,*** would have resulted in a different decision on his motion to suppress. Thus, the argument continues, when the ***Alexander*** case was decided, appellate counsel was required to take steps to ensure that Appellant received the benefit of the new decision. The failure to do so is alleged to be ineffective assistance of counsel.

***Alexander*** was decided on December 22, 2020, during the pendency of Appellant's direct appeal. ***See Commonwealth v. Thomas***, 2304 EDA 2019, unpublished memorandum (Pa. Super. filed Jan. 14, 2021). Appellant thus argues that appellate counsel had "over 3 weeks to file a simple 2[-]page document asking for permission to amend the brief. In the alternative, appellate counsel could have filed an Application to Withdraw the brief and then file a Motion for Extraordinary Relief with the trial court[.]" Brief for Appellant at 24.

We recognize that ***Alexander*** announced a new rule of law; as such, its holding should be applicable to all criminal cases that were still pending direct review at the time the decision was announced. ***Schriro v. Summerlin***, 542 U.S. 348, 351 (2004). However, our case law is clear: "in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct

appeal." ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001) (internal citation omitted); ***see also Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2013) (*en banc*) ("[T]o be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below."). Because the issue was not preserved at trial, appellate counsel cannot be deemed ineffective for failing to address the new case. ***See Commonwealth v. Moore***, 263 A.3d 1193, 1999 (Pa. Super. 2021), *appeal denied,* 278 A.3d 857 (Pa. 2022) (holding that the defendant waived his argument that the new rule from ***Alexander*** applied to his suppression claim because he had argued in the suppression motion only that there was a lack of an independent basis of probable cause to support the search of his backpack).

This case is very similar to ***Commonwealth v. Grajales***, 266 A.2d 685 (Pa. Super. 2021). Grajales was charged with driving under the influence of controlled substances (DUI) and other offenses after operating her vehicle the wrong way on the highway at night with her headlights extinguished. ***Grajales***, 266 A.3d at 686. Grajales did not file a pretrial motion or orally request that the evidence against her be suppressed. ***Id.*** at 687. Following her conviction, Grajales filed a direct appeal in which she argued that she should receive the benefit from the ***Alexander*** decision which was decided the day after she had been found guilty. ***Id.***

Grajales argued, similarly to Appellant here, that ***Alexander*** created a new rule of law which could not have been anticipated and raised in a suppression motion prior to trial, and that therefore her failure to file such a motion should be excused. ***Id.*** at 688. The Superior Court recognized, however, that the issue must be preserved at all stages of the adjudication in order for a new rule of law to apply retroactively to a case. ***Id.*** (citing ***Commonwealth v. Grooms***, 247 A.3d 31, 37 n.8 (Pa. Super. 2021)). Grajales was "not entitled to the application of ***Alexander***, as she failed to preserve the claim." ***Id.*** Because Grajales failed to challenge the warrantless search of her vehicle in the trial court and never referenced either exigent circumstances or the overruling of ***Gary***, "***Alexander*** is inapplicable." ***Id.*** at 689.

The PCRA court in the present case recognized that Appellant's issue was not preserved, noting:

> Over the course of this case, [Appellant] constantly challenged the legality of the search of his vehicle, however, he never raised a challenge to the automobile exception or argued a lack of exigent circumstances. In [Appellant's] Motion to Suppress Physical Evidence, which was not accompanied by a memorandum of law, trial counsel never specifically mentioned the search of [Appellant's] vehicle. [Appellant] did not preserve his ***Alexander*** claim, as he never raised a challenge to the ***Gary*** automobile exception or argued that the search was unjustified due to a lack of exigent circumstances.

PCO at 6 (unnumbered).

We agree with the PCRA court that Appellant is not entitled to relief. To garner the benefit of the new rule of law established in ***Alexander***, Appellant

- 8 -

was required to raise the issue of the Commonwealth's need to demonstrate exigent circumstances along with probable cause to perform a warrantless search of Appellant's vehicle throughout the course of this prosecution. *Grajales*, *supra*. Appellant did not do this; instead, at all times during the prosecution of this case, Appellant argued that police had improperly extended the stop of his vehicle by calling for the drug sniffing dog. *See Thomas*, *supra*. There was no mention of the lack of probable cause or the need for exigent circumstances. Thus, the issue was waived. *Grajales*, *supra*. Appellate counsel cannot be deemed ineffective for failing to raise a waived claim on appeal. *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (finding that counsel cannot be deemed ineffective for failing to raise a meritless claim). Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2024